CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED Harrisonburg
NOV 06 2012
JULIA C. DUDLEY, CLERK
BY: /s/ 
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Action No. 7:10CR00050 |
| | ) | Civil Action No. 7:12CV80443 |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| JUAN BARRERA-CABELLO, | ) | |
| | ) | By: Hon. Glen E. Conrad |
| Defendant. | ) | Chief United States District Judge |

Juan Barrera-Cabello ("Barrera"), a federal inmate proceeding pro se, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Liberally construed, Barrera's motion asserts several claims of ineffective assistance, including a claim that his defense counsel was ineffective in failing to file a direct appeal. The case is presently before the court on the government's motion to dismiss, in which the government argues that Barrera's claims are barred by the waiver of collateral-attack rights contained in his plea agreement. Because the foregoing claim of ineffective assistance is not barred by the waiver, the government's motion to dismiss will be denied in part and taken under advisement in part, and the matter will be referred to a magistrate judge for an evidentiary hearing on that claim.

## Background

On August 19, 2010, a grand jury in the Western District of Virginia returned an indictment against Barrera and two co-defendants. Count One charged Barrera with conspiracy to distribute more than five hundred grams of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 846. Count Two charged Barrera with distribution of more than 50 grams of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).

On January 13, 2011, Barrera entered a plea of guilty to Count One of the indictment, pursuant to a written plea agreement. In the agreement, Barrera stipulated that he was responsible for between five and fifteen kilograms of methamphetamine, and that he would not seek a sentence outside of the applicable range under the United States Sentencing Guidelines. Barrera also agreed to waive his right to file a direct appeal "on any ground," and to "waive any right [he] may have to collaterally attack, in any future proceeding, any order issued in this matter . . . ." (Plea Ag. at 7.) In exchange, the government agreed to recommend a sentence at the low end of the advisory guideline range and to seek dismissal of the remaining count against Barrera.

The court conducted Barrera's sentencing hearing on May 24, 2011. The court ultimately sentenced Barrera to a term of imprisonment of 168 months. Barrera did not appeal his conviction or sentence.

On June 1, 2012, Barrera filed the instant motion under § 2255. In addition to completing the standard form motion, Barrera submitted a fifteen-page handwritten motion to vacate. Both the form motion and the handwritten motion were docketed in the court's electronic filing system as Document 110 in Barrera's criminal case.

The standard form motion provides space to state four grounds for relief, and instructs the person completing the form to attach additional pages if there are more than four claims. Barrera's handwritten motion asserts a fifth ground for relief, namely an additional claim of ineffective assistance. To support this claim, Barrera appears to allege that counsel was ineffective in failing to file a direct appeal. Barerra states that "the assistance of counsel failed in all aspects to file an appeal," and that the "failure by a criminal attorney to . . . assure an appeal when client has requested . . . results in a deprivation of the defendant's Sixth Amendment right

to effective assistance of counsel irrespective of the likelihood of success on appeal." (Document 110-1 at 13-14.) Barrera also quotes from Roe v. Flores-Ortega, 528 U.S. 470 (2000), in which the Supreme Court of the United States held that, if counsel has consulted with a defendant about an appeal, "[c]ounsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." Id. at 478.

## Discussion

The government has moved to dismiss Barrera's § 2255 motion in its entirety on the basis that Barrera waived the right to collaterally attack his conviction and sentence. However, Barrera's claim that his attorney was ineffective in failing to file a direct appeal falls outside the scope of the waiver and must be addressed on its merits. See United States v. Embree, 169 F. App'x 761, 762 (4th Cir. 2006) (holding that the defendant's waiver of collateral-attack rights did not preclude his claim that counsel failed to consult with him about an appeal).

Although the government's motion addresses the merits of the claims asserted in the standard form motion filed by Barrera, the government has not addressed the merits of the fifth claim of ineffective assistance included in Barrera's handwritten motion. Because Barrera's claim that his attorney was ineffective in failing to file a direct appeal cannot be resolved on the existing record, the court will deny the government's motion with respect to this claim, and refer the claim to a magistrate judge for an evidentiary hearing.

## Conclusion

For the reasons stated, the government's motion to dismiss will be denied in part and taken under advisement in part, and the case will be referred to the Honorable B. Waugh Crigler, United States Magistrate Judge for the Western District of Virginia, for an evidentiary hearing on

to effective assistance of counsel irrespective of the likelihood of success on appeal." (Document 110-1 at 13-14.) Barrera also quotes from Roe v. Flores-Ortega, 528 U.S. 470 (2000), in which the Supreme Court of the United States held that, if counsel has consulted with a defendant about an appeal, "[c]ounsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." Id. at 478.

## Discussion

The government has moved to dismiss Barrera's § 2255 motion in its entirety on the basis that Barrera waived the right to collaterally attack his conviction and sentence. However, Barrera's claim that his attorney was ineffective in failing to file a direct appeal falls outside the scope of the waiver and must be addressed on its merits. See United States v. Embree, 169 F. App'x 761, 762 (4th Cir. 2006) (holding that the defendant's waiver of collateral-attack rights did not preclude his claim that counsel failed to consult with him about an appeal).

Although the government's motion addresses the merits of the claims asserted in the standard form motion filed by Barrera, the government has not addressed the merits of the fifth claim of ineffective assistance included in Barrera's handwritten motion. Because Barrera's claim that his attorney was ineffective in failing to file a direct appeal cannot be resolved on the existing record, the court will deny the government's motion with respect to this claim, and refer the claim to a magistrate judge for an evidentiary hearing.

## Conclusion

For the reasons stated, the government's motion to dismiss will be denied in part and taken under advisement in part, and the case will be referred to the Honorable B. Waugh Crigler, United States Magistrate Judge for the Western District of Virginia, for an evidentiary hearing on

the defendant's claim that counsel was ineffective in failing to file a direct appeal. The magistrate judge shall submit a report setting forth appropriate findings of fact, conclusions of law, and a recommended disposition of all of the defendant's claims, pursuant to 28 U.S.C. § 636(b)(1)(B).

The Clerk is directed to send a certified copy of this memorandum opinion and the accompanying order to the defendant, counsel of record for the government, and Judge Crigler.

ENTER: This 5th day of November, 2012.

Chief United States District Judge